## Paul v. State Farm Mutual Automobile Insurance Company

*Philip Salkin*, for plaintiff.

*James N. Peck*, for defendant.

DITTER, J., September 9, 1965.—The present matter comes before the court on defendant's motion for judgment on the pleadings in a suit for medical payments under an insurance agreement. Plaintiff alleges that he is a third-party beneficiary to a contract between the defendant company and one of its policy holders. The necessary facts have been agreed upon by stipulation, leaving to us the question of interpreting the policy.

On May 5, 1957, plaintiff was operating a motorcycle, which collided with an automobile driven by Joseph Dwyer, Jr., who carried a policy of insurance written by defendant. Within one year, and as a result of this incident, plaintiff incurred necessary medical expenses which exceeded $500. Plaintiff made demand on the defendant for $500, the maximum provided, asserting this money was due him under the terms of the insurance agreement between Dwyer and defendant. The claim was not paid, and this action resulted.

Plaintiff can only prevail if he can show that he is covered by the terms of the policy. Defendant relies upon an exclusionary clause in the contract and, although this affirmative defense was improperly raised in the answer, we will treat it as having been set forth under new matter.

The policy, reduced to its applicable portions, reads as follows:

Defendant ". . . in consideration of the premium paid . . . agrees with the named insured, subject to the provisions of the policy:

*"Insuring Agreements*

"I. COVERAGES . . .

*"Coverage C—Medical Payments.* To pay reasonable medical expenses incurred within one year from the date of the accident for necessary medical . . . services . . ., to or for each person who sustains bodily injury, caused by accident, while in or upon, entering into or alighting from or through being struck by the automobile, provided the automobile is being used by the named insured. . . .

*"Limit of Liability.* Unless specifically amended in the declarations, the company's limit of liability shall not exceed $500. . . .

II. Definition of Insured . . .

III. Automobile Defined . . .

IV Use of Other Automobiles . . .

*"Exclusions*

"This policy does not apply under:

". . .

"(g) coverage C, to bodily injury to any person. . . .

"(3) other than the named insured and while residents of his household, his spouse or the relatives of either, while in or upon, entering into or alighting from any vehicles not included in Insuring Agreements III or IV: . . ."

The attorneys for the parties have also stipulated that the automobile operated by the insured was owned at that time by the insured, and is included in Insuring Agreement III, that plaintiff's motorcycle was not included in either Insuring Agreements III or IV, and that plaintiff is not related to the insured nor to his spouse.

Reducing our field of view to those areas of the policy touched by this factual background, the contract states:

*"Coverage C.* The defendant . . . agrees . . . to pay reasonable medical expenses incurred . . . for each person who sustains bodily injury . . . through being struck by the automobile . . . used by the named insured.

*"Exclusions*

*"This policy does not apply under: . . .* coverage C, to bodily injury to any person . . . while in or upon . . . any vehicle not included in Insuring Agreements III and IV."

If there were no terms beyond coverage C, plaintiff would be entitled to recover his expenses under its provisions, having been struck by the insured's vehicle. However, the exclusionary clause limits benefits to those motorists whose vehicles fall within the definitions and provisions of two of the insuring agreements, nos. III and IV. Unfortunately for plaintiff, his motorcycle did not fit either of these categories, and thus he cannot recover.

ORDER

AND NOW, September 9, 1965, for the foregoing reasons, defendant's motion is allowed, and the prothonotary is directed to enter judgment in favor of defendant.